UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.                                  Case No. 19-CR-101

WENDY YANOW,

                Defendant.

---

## GOVERNMENT'S SENTENCING MEMORANDUM

---

The Court is scheduled to sentence Wendy Yanow on September 20, 2019. In anticipation of that sentencing, the government submits the following sentencing memorandum.

*Background.*

On June 20, 2019, and pursuant to a plea agreement, Ms. Yanow appeared before the Court, waived indictment, and pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. R.6.[1] This charge was brought in a one-count criminal information filed along with Ms. Yanow's plea agreement. R.1. Based on her plea, Ms. Yanow faces a maximum possible penalty of up to 20 years in prison, a fine of up to $250,000, up to 3 years of supervised release to follow any term of imprisonment, and a mandatory special assessment of $100. Plea Agreement, ¶7. Ms. Yanow also acknowledged that she will be required to make full restitution to the victims of her fraud; although she disputes the amount of such restitution. Plea Agreement, ¶28.

Under the terms of the plea agreement, the government has agreed to recommend a sentence no greater than 24 months' imprisonment. Plea Agreement, ¶22. The defendant is free to recommend whatever sentence she thinks appropriate. *Id.*

---

[1] In this submission, "R." followed by a number refers to an entry on the district court docket sheet.

*Sentencing Guidelines*

The government proposes a Total Offense Level of 22, which results from a base offense level of 7; a 12-level increased based on a loss amount greater than $250,000; a 2-level increase based on more than 10 victims; a 2-level increase because Ms. Yanow's fraud involved "sophisticated means"; and a 2-level increase because Ms. Yanow abused a position of private trust to perpetrate and conceal her fraud. In combination with Ms. Yanow's criminal history category (I), this would provide for an advisory sentencing guideline range of 41-51 months

For her part, Ms. Yanow agrees with the applicable base offense level and the increases for the number of victims and that she abused a positon of private trust.  Ms. Yanow, however, contends that the loss amount should be limited to the specific contributions each victim made (approximately $81,000) and, therefore, the increase for "loss amount" should be only 6 levels, and that her scheme did not involve "sophisticated means."  Under her approach, Ms. Yanow's Total Offense Level would be 14 and her advisory guideline range would be 15-21 months.

*Sentencing Recommendation*

Title 18, United States Code, Section 3553(a) directs the Court to impose a sentence that is sufficient to achieve the goals of sentencing without being excessive. As indicated in section 3553(a), when sentencing a defendant the Court should strive to:

- Reflect the seriousness of the offense of conviction.

- Promote respect for the law.

- Provide just punishment for the offense.

- Afford adequate deterrence to criminal conduct.

- Protect the public from further crimes.

- Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2*)*.

In determining a particular sentence to achieve these goals, the Court is directed to consider the nature and circumstances of the defendant's crime and her personal history and characteristics. 18 U.S.C. § 3553(a)(1).

Given the nature of Ms. Yanow's offense, a non-violent offense involving calculated and repeated thefts from close friends over a lengthy period of time, which included her recruitment of new victim-investors over the course of her fraud, the most pertinent goals of sentencing here are to provide appropriate punishment for Ms. Yanow's criminal conduct, to reflect the seriousness of her offense, promote respect for the law, and deter others from committing similar crimes.

*Nature and Circumstances of the Offense*

As Ms. Yanow acknowledges in her sentencing memorandum, her offense is serious. She repeatedly stole from close friends over a lengthy period of time. While she suggests that her thefts were motivated by need because of financial difficulties her business was having, she continued to steal for more than 10 years after the business closed and after she and he husband went through bankruptcy. As reflected in the statements from the victims of Ms. Yanow's fraud, many of the victims were of modest means and the monthly investments Ms. Yanow stole represented a significant amount of money to them.

Particularly egregious is the fact that during the course of her fraud, well after her failing business had closed and she and her husband went through bankruptcy, Ms. Yanow recruited new investors when other members withdrew from the club or, in one case, died. In fact, Ms. Yanow approached a prospective member after the funeral of the deceased member.

3

To perpetrate and conceal her fraud, Ms. Yanow generated monthly statements accurately tracking the value of each member's investment. Ms. Yanow also generated annual partnership tax returns (IRS Forms K-1) that required the members to report and pay taxes on the dividends and gains Ms. Yanow reported they earned from their investments. As a result, each of the victims knows precisely the amount of money Ms. Yanow stole from them.

Perhaps more significant than the economic loss resulting from Ms. Yanow's fraud is the emotional and psychological damage her betrayal caused her victims. As reflected in the statements provided by the victims, each has been significantly impacted by Ms. Yanow's theft and personal betrayal.

*History and Characteristics of the Offender*

While Ms. Yanow has no prior criminal convictions, she repeatedly engaged in criminal acts on a monthly basis for over 20 years. The fact that she continues to have a supportive family or friends reflects only the kindness of those individuals and cannot be fairly said to reflect Ms. Yanow's character. For more than 20 years, she betrayed close, personal friends she met through religious and social organizations. She recruited others to support her thefts. On at least a monthly basis, she met in the homes of her victims, took advantage of their hospitality and trust, lied to their faces, and stole their money.

Any suggestion that Ms. Yanow demonstrated contrition by self-reporting her conduct to law enforcement is disingenuous at best. Ms. Yanow came forward because the investment club was ending and the members were cashing out. Ms. Yanow likely came to federal authorities recognizing that any sentence she received would be lower in federal court.

4

Case 2:19-cr-00101-LA    Filed 09/13/19    Page 4 of 5    Document 13

*Conclusion*

Given these considerations, a sentence of 12 months' imprisonment is necessary to recognize the seriousness of Ms. Yanow's criminal conduct, to impose adequate punishment for her extensive and calculated thefts perpetrated over a lengthy period of time, to deter Ms. Yanow herself and others who might be similarly tempted to perpetrate such a fraud, and to promote respect for the law.

Respectfully submitted this 13th day of September, 2019.

                                            MATTHEW D. KRUEGER
                                            United States Attorney

By:    /s *Matthew L. Jacobs*
        MATTHEW L. JACOBS
        Assistant United States Attorney
        WI Bar No.: 1017227
        Attorney for Plaintiff
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 E. Wisconsin Ave. Suite 530
        Milwaukee, Wisconsin 53202
        Tel: (414) 297-4106
        Fax: (414) 297-1738
        Email: Matthew.Jacobs2@usdoj.gov